## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

Sean D'Epagnier,

                  Plaintiff,

    v.

Michal Brablc, individually,
Scott Standerwick, individually,
Monroe County Sheriff's Office

                  Defendant(s).

Case No.: 25-cv-10018-JEM

**Civil Rights Complaint under 42 U.S.C. § 1983**

FILED BY _____ D.C.

FEB 20 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## Complaint

1. Plaintiff resides at 13611 Willamette Drive, Westminster, Orange County, California 92683.

2. Defendant Michal Brablc (herein referred to as "Defendant Brablc") at all times relevant herein, was a law enforcement officer with a work address of 1604 N Roosevelt Blvd., Key West, Monroe County, Florida 33040.

3. Defendant Scott Standerwick (herein referred to as "Defendant Standerwick") at all times relevant herein, was a law enforcement officer with a work address of 1604 N Roosevelt Blvd., Key West, Monroe County, Florida 33040.

4. Defendant Monroe County Sheriff's Office (herein referred to as "Defendant Sheriff") at all times relevant herein, was a law enforcement agency with a business address of 5525 College Road, Key West, Monroe County, Florida 33040 and telephone number 305-292-7000.

Complaint

## **Jurisdiction and Venu**

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the case arises under federal law.

6. This case is relevant to the Constitution and laws of the United States including the Fourth, Eight and Fourteenth Amendments to the United States Constitution.

7. This action is brought pursuant to 42 U.S.C. § 1983,

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in Key West, Florida.

9. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider the state-law claims alleged herein.

## **Factual Allegations**

10. Plaintiff D'Epagnier was lawfully present at Truman Waterfront park on the 27th of February, 2023 at 2:50pm when he observed an outdoor shower available to the public.

11. After waiting for someone to finish giving their dog a shower, Plaintiff began using the shower and started to rinse out a few T-shirts.

12. A man, later identified as Ralph Major, approached Plaintiff telling him he couldn't be there because in his own words "I don't want to look at people like you."

13. Plaintiff questioned Major if he was in violation of park rules, and Major responded "I don't care about the rules."

14. This discriminatory behavior led Plaintiff to ask Major to leave him alone.

15. Plaintiff had been using the shower for about 2 minutes, and during this time no one was waiting to use the shower.

16. Major briefly made a phone call, presumably to the police.

Complaint

-3-

17. Two minutes later, Major decided to threaten Plaintiff with the exact words: "I'ma knock you down."

18. After being threatened with violence D'Epagner immediately left the shower to avoid conflict and escalation.

19. A few minutes later Defendant Officer Standerwick approached Plaintiff.

20. Defendant Standerwick invented a park ordinance that does not exist of "no bathing where children bath" and accused Plaintiff of violating it without him observing anything.

21. Plaintiff asked Defendant Standerwick what the crime was, and Standerwick stated "I told you the law" (his law)

22. Defendant Standerwick demanded a name and date of birth from Plaintiff without a legal basis to do so.

23. The only action Defendant Brablc acted on was a phone call describing lawful behavior.

24. Defendant Officer Brablc arrived on scene and decided to immediately arrest D'Epagnier before he had bothered to investigate the situation.

25. After the arrest, Defendant Standerwick taunted Plaintiff stating that if he had given up his name he would have "walked on."

26. Defendant Standerwick remained hostile and condescending throughout the encounter.

27. The events were captured on Defendant Standerwick's body-worm camera.

28. In the official arrest report, Defendant Brablc stated that Plaintiff was in violation of park rules but failed to specify which rule.

29. Defendant Brablc falsely claims in the report that "he could be issued a warning." No such "warning" was ever mentioned until after arrest.

Complaint

30. Defendant Brablc claims in the report "I added, I was looking for a "yes or no" answer." Brablc never actually said anything about yes or no.

31. Defendant Brablc states on Defendant Standerwick's camera that his camera was not activated, but he writes in the report "My AXION body worn camera was activated."

32. Plaintiff was charged with disorderly conduct without any observations from law enforcement and without evidence of disruptive or unlawful behavior.

33. Defendant Standerwick remained hostile and condescending throughout the encounter.

34. The events were captured on Defendant Standerwick's body-worm camera.

35. In the official arrest report, Defendant Brablc stated that Plaintiff was in violating of park rules but failed to specify which rule.

36. Defendant Brablc falsely claims in the report that "he could be issued a warning" No such "warning" was ever mentioned until after arrest.

37. Defendant Brablc claims in the report "I added, I was looking for a "yes or no" answer" but he never actually said anything about yes or no.

38. Defendant Brablc states on Defendant Standerwick's camera that his camera was not activated, but he writes in the report "My AXION body worn camera was activated."

39. Plaintiff was charged with disorderly conduct without any observations from law enforcement and without evidence of disruptive or unlawful behavior.

40. The Monroe County Detention Center has written rule #2 stating: "All directives and requests from staff members are orders and must be carried out promptly and fully without complaint. If you believe an order is unjust or have a complaint regarding an order or action, **obey the order**. You may later bring the complaint to the attention of another staff member by completing an Inmate Request Form documenting your complaint."

Complaint

41. This rule requires inmates to obey all orders, even if the order is unjust or violates rights.

42. The charges of "resisting an officer without violence" and "disorderly conduct" were dropped, which indicates that the actions of the officers were unlawful.

## Causes of Action

### Count 1 – Unlawful Seizure (42 U.S.C. § 1983 – Fourth Amendment Violation)

43. Plaintiff D'Epagnier has a clearly established constitutional right under the Fourth Amendment to be secure in his persons, papers, and effects against unreasonable searches and seizures.

44. At all relevant times, Defendant Officer Brablc was acting under the color of state law in his official capacity as a law enforcement officer.

45. Defendant Brablc lacked reasonable suspicion that Plaintiff was engaged in criminal activity.

46. Defendant lacked probable cause and arrested Plaintiff in retaliation for his lawful exercise of his First and Fifth Amendment rights violating the Fourth Amendment's protections against unlawful seizures.

47. Defendant Brablc seized Plaintiff's personal identification and conducted an illegal search of his belongings violating his rights.

### Count 2 - False Arrest/False Imprisonment (Florida Statute § 787.02)

48. Plaintiff D'Epagnier has a constitutional and statutory right to be free from unlawful detention and arrest under Florida law.

Complaint

49. Defendant Brablc intentionally and unlawfully restrained Plaintiff against his will by placing him in handcuffs and taking him into custody.

50. Defendant Brablc acting under color of law and in his official capacity as a police officer during this interaction.

## Count 3 - Malicious prosecution (42 U.S.C. § 1983 Fourth & Fourteenth Amendments)

51. Defendant Brablc initiated criminal proceedings against Plaintiff without probable cause thereby violating Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures and without due process of law.

52. The criminal proceedings were resolved in Plaintiff's favor satisfying the favorable termination requirement for malicious prosecution claims.

53. Defendant Brablc acted with malice pursuing charges against Plaintiff out of spite with improper motive and reckless disregard for the truth, including reliance on fabricated information to initiate the prosecution.

## Count 4 - Official Misconduct (Florida Statue § 838.022)

54. Defendant Standerwick knowingly and intentionally fabricated a false park ordinance which he knew was not an actual law in violation of Florida Statue § 838.022.

55. Defendant Standerwick intentionally misrepresented facts in his official capacity which lead to unlawful consequences for Plaintiff D'Epagnier.

56. Defendant's actions were willful, malicious, and in bad faith, with a reckless disregard for the truth and the rights of Plaintiff D'Epagnier.

Complaint

## Count 5 - Official Misconduct (Florida Statue § 838.022)

57. Defendant Brablc, while acting in his official capacity as a law enforcement officer, knowingly and intentionally produced false information in the official police report in violation of Florida Statute § 838.022.

58. As outlined in paragraphs #24-27, Defendant's false statements in the police report were made with knowledge of their falsity and were intended to mislead and deceive and result in unlawful consequences for Plaintiff D'Epagnier.

## Count 6 - Excessive Detention (42 U.S.C. § 1983 – Fourteenth Amendment)

59. Officers at Monroe County Detention Center unlawfully denied Plaintiff D'Epagnier the opportunity to post bail, causing his detention to extend an additional three days, in violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983.

60. Plaintiff D'Epagnier begged the guards to just let him pay his bail during pre-trial detention and his requests were denied without justification, constituting excessive and unconstitutional detention.

61. Plaintiff believes that the sole purpose of pre-trial detention is to ensure that he would appear later court. He believes only a judge can legally inflict punitive measures, and it is not for guards in the detention center to decide to.

## Count 7 - Cruel and Unusual Punishment (42 U.S.C. § 1983 – Eighth Amendment)

62. The Eighth Amendment prohibits cruel and unusual punishment, including policies that facilitate degrading treatment of detainees.

63. The policy outlined in paragraph #34 creates conditions that facilitate abuse, violating Plaintiff's Eight Amendment rights under 42 U.S.C. § 1983.

Complaint

64. Defendant Monroe County Sheriff's Department refused to refund the $81 fee charged to Plaintiff for his release, citing it as the "cost of doing business" despite Plaintiff's innocence. Plaintiff considers any fee charged to an innocent person to be unreasonable and punitive and a violation of the Eight Amendment and due process protections.

65. Holding the Plaintiff in 24 hour lighting and only allowing him out of the cell every other day for 20 minutes is unreasonable punishment for someone not proven guilty.

66. The theft of $47 from Plaintiff's backpack by detention officers is an unreasonable punishment and further violates Plaintiff's Eighth Amendment rights.

67. Defendant Monroe County Sheriff's Office is liable for the conduct of the officers at the Monroe County Detention Center and has failed to ensure compliance with the Constitution of the United States and the laws of the State of Florida.

## **Relief**

68. Plaintiff seeks compensatory damages in an amount of $75,000, or such greater amount according to proof, for the physical pain, emotional distress and anguish caused by the unconstitutional actions of the defendants, including but not limited to the illegal arrest, excessive detention, and degrading conditions of confinement.

69. Plaintiff seeks punitive damages in an amount of $125,000, or such greater amount according to proof, to deter the defendants from committing reckless, malicious, and intentional violations of the plaintiff's constitutional rights, and to ensure the defendants fully regret their unlawful conduct.

Complaint

70. Plaintiff seeks an injunction requiring the Monroe County Sheriff's Office and the Monroe County Detention Center to cease their unconstitutional practices, including forcing inmates to follow unjust orders and imposing punitive fees on innocent individuals.

RESPECTFULLY SUBMITTED,

Dated: 2/15/2025                          By: _____

Plaintiff in Pro Se
Sean D'Epagnier
13611 Willamette Drive
Westminster, CA 92683

Email: seandepagnier@gmail.com
Phone: 820-216-7654

Complaint