UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:25-cv-10018-JEM

SEAN D'EPAGNIER,

    Plaintiff,

vs.

MICHAEL BRABLC, individually,
SCOTT STANDERWICK, individually, and
MONROE COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

### DEFENDANT, SCOTT STANDERWICK'S MOTION TO QUASH AND/OR DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant SCOTT STANDERWICK ("Standerwick"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 45, and hereby requests entry of an order quashing and/or dismissing Plaintiff's service of process and Complaint [DE 1], and further states:

### Introduction

1. Pro-se Plaintiff Sean D'epagnier has sued Michael Brablc, Scott Standerwick, and the Monroe County Sheriff's Office, for alleged violations of his civil rights as a result of an arrest that took place on February 27, 2023, by Brablc and Standerwick in Key West, Florida. See Complaint, generally.

### Motion

2. Plaintiff's Complaint was improperly served on a Key West Police Department employee who was not authorized to accept service, and therefore

the service of process should be quashed and the Complaint dismissed.

**Memorandum of law**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a plaintiff must make the necessary arrangements to serve a defendant with a summons and complaint. Fed. R. Civ. P. 4(c) and 4(e). Rule 4(e) provides that an individual may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

In Florida, service of process is made by *"delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents."* Fla. Stat. § 48.031(1)(a). *"Statutes governing service of process are to be strictly construed to ensure that a defendant receives notice of the proceedings..."* Martin v. Salvatierra, 233 F.R.D. 630, 631 (S.D. Fla. 2005) (holding that service of process to police officer at his place of employment was insufficient).

On April 10, 2025, a process server delivered a summons and complaint for Officer Standerwick to John Hurhula, an evidence technician with the Key West Police Department. Declaration1 of John Hurhula at ¶¶ 2, 5, attached hereto as **Exhibit "1."** John Hurhula is not authorized to accept service of process on behalf of any member of the Key West Police Department. Ex. 1, at ¶ 6. As a result, Plaintiff's service of process was not proper as to Officer Standerwick. *Martin v. Salvatierra*, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005) (quashing service of process where the plaintiff attempted to serve a police officer by leaving the summons and complaint at the officer's employment and the officer did not authorize anyone there to accept service of process on his behalf). Officer Standerwick was not personally served, nor was a copy of the summons and complaint delivered to his home or to a person authorized to receive the service of process. Therefore, service of process is improper and must be quashed as a matter of law. *Halbig v. Lake Cnty., Florida*, No. 5:22-CV-106-JA-PRL, 2022 WL 17542863, at *1 (M.D. Fla. May 25, 2022).

WHEREFORE, Defendant SCOTT STANDERWICK, requests entry of an order quashing Plaintiff's improper service of process, and dismissing Plaintiff's Complaint, together with such other and further relief deemed necessary and proper.

---

1 Typically, undersigned would refer solely to the filed return of service within the record for the factual basis of a motion to quash but at the time of filing no such return of service exists within the record.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __1st__ day of May 2025, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:   */s/W. Hampton Johnson IV*
W. HAMPTON JOHNSON IV
FLA. BAR NO. 98607
JOHNSON, ANSELMO, MURDOCH,
 BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendants**
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
whjohnson@jambg.com
igarcia@jambg.com
ostruemke@jambg.com

## SERVICE LIST

**SEAN D'EPAGNIER, PRO SE**
13611 Willamette Drive
Westminster, CA 92683
seandepagnier@gmail.com
820-216-7654

**W. HAMPTON JOHNSON IV, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Counsel for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
whjohnson@jambg.com
(954) 463-0100 (Phone)